**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WINGSTOP FRANCHISING, LLC,

    2801 North Central Expressway
    Suite 1600
    Dallas, TX 75204,

        *Plaintiff*,

      *v.*

AMERICAS BEST WINGSTOP, LLC,

    1001 U Street, NW
    Washington, DC 20001,

        *Defendant*.

Case No. 1:26-cv-02274

## COMPLAINT

Plaintiff Wingstop Franchising, LLC ("Wingstop" or "Plaintiff"), by and through its attorneys, brings this action against Defendant Americas Best Wingstop, LLC ("ABW" or "Defendant") for injunctive relief and damages based on trademark infringement under the laws of the United States and of the District of Columbia:

## PARTIES

1. Wingstop is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 2801 North Central Expressway, Suite 1600, Dallas, Texas 75204.

2. Defendant is a limited liability company organized under the laws of the District of Columbia with a registered business address at 1001 U Street NW, Washington, D.C. 20001.

## JURISDICTION AND VENUE

3. Wingstop asserts claims against Defendant arising under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*

4.      The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121(a) because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

5.      Jurisdiction over the common law claim is also appropriate under 28 U.S.C. § 1367(a) because that claim is substantially related to the federal Lanham Act claims.

6.      The Court has personal jurisdiction over Defendant in that Defendant resides in the District of Columbia, transacts business in the District, has a principal place of business in the District, and has substantial contacts with the District.

7.      This Court has jurisdiction pursuant to 15 U.S.C. § 1121, in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, and under principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this District by virtue of 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims have occurred and are occurring in this District and because Defendant is subject to personal jurisdiction in this District and therefore resides in this District.

<strong><u>BACKGROUND FACTS</u></strong>

A.      <strong><u>Wingstop's Well-Known WINGSTOP Trademarks</u></strong>.

9.      Wingstop, through its franchisees and licensees, offers restaurant services featuring chicken wings, chicken tenders, chicken sandwiches and a variety of other food and drinks for dine in, carry out, and delivery through more than 2,500 franchised and corporately-owned locations nationwide, including two locations in the District of Columbia.

10.     Since at least as early as 1994, Wingstop, together with its franchisees and licensees, has used the trademark WINGSTOP and other WINGSTOP formative marks in connection with its restaurant services.

11.     Wingstop owns several U.S. trademark registrations that incorporate the WINGSTOP mark, including:

2

| Trademark | Reg. No. | Services | Reg. Date. |
|---|---|---|---|
| WING-STOP | 2,121,699 | Restaurant services | Dec. 16, 1997 |
| | 2,422,672 | Restaurant services | Jan. 23, 2001 |
| WINGSTOP | 3,054,484 | Restaurant services | Jan. 31, 2006 |
| WING-STOP | 4,869,642 | Baked beans; Chicken; Chicken wings; Coleslaw; French fries; Potato salad<br><br>Cheese sauce; chicken wing sauce; dipping sauces; iced tea; rolls; seasonings | December 15, 2015 |
| | 5,502,968 | Restaurant services | June 26, 2018 |
| | 4,720,379 | Restaurant services | April 14, 2015 |
| | 4,842,661 | Restaurant services | October 27, 2015 |

Collectively, the above trademarks are hereinafter referred to as the "WINGSTOP Trademarks". True and correct copies of the WINGSTOP Trademarks' certificates of registrations from the United States Patent and Trademark Office are attached hereto as **Exhibit A**.

12. The WINGSTOP Trademarks are registered on the Principal Register of the United States Patent and Trademark Office. These registrations for the WINGSTOP Trademarks have always been, and continue to be, in full force and effect.

13. The Wingstop Trademarks are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, providing conclusive evidence of the validity of the registrations, of Wingstop's ownership of those marks and of Wingstop's exclusive right to use those marks in commerce for the services listed above, as provided in 15 U.S.C. § 1057(b) and § 1115(a).

14. Since at least as early as 1994, Wingstop has extensively promoted its business, goods and services under the WINGSTOP Trademarks in interstate commerce for restaurant services, and it has acquired valuable goodwill in these marks.

3

15.    The WINGSTOP Trademarks are inherently distinctive.

16.    Wingstop also owns common law rights in the WINGSTOP Trademarks.

17.    At the present time, Wingstop operates and/or franchises more than 2,500 WINGSTOP-branded locations in the United States, including two locations in Washington, D.C.

B.    **Defendant's Unlawful Activities and Unauthorized Use of The WINGSTOP Trademark**.

18.    Defendant registered as a Washington, D.C. limited liability company on August 5, 2020.

19.    On October 27, 2020, Defendant filed a trade name registration for "Americas Best Wingstop" in Washington, D.C., and said registration expired on September 1, 2022.

20.    Upon information and belief, in or around 2021, Defendant began operating a restaurant offering chicken wings under the name AMERICAS BEST WINGSTOP (the "Infringing Mark") at 1001 U Street NW, Washington, D.C. (the "Restaurant").

21.    Defendant still owns and operates the Restaurant under the Infringing Mark.

22.    In December 2025, Wingstop learned about Defendant and the Restaurant when Defendant registered the domain name www.americasbestwingstop.com.

23.    In January 2026, Wingstop sent Defendant a letter, putting Defendant on actual notice of Wingstop's trademark rights and requesting Defendant cease use of the WINGSTOP trademark and Infringing Mark.

24.    Approximately a week later, the parties discussed the matter by phone, Defendant denied the respective trademarks were confusingly similar, and Defendant advised that it planned to seek legal counsel.

25.    Around this time, Defendant's website at www.americasbestwingstop.com was deactivated.

26.    Wingstop followed up several times with Defendant when Defendant (either on its own or through counsel) did not respond.

4

27.    In February 2026, Defendant responded, again claiming that the Infringing Mark is not confusingly similar to the WINGSTOP Marks.

28.    Wingstop responded with a letter, again explaining how the Infringing Mark is confusingly similar to the WINGSTOP Marks.

29.    Despite a number of follow up messages from Wingstop, Defendant did not respond.

30.    Again in April 2026, Wingstop sent a final letter to Defendant, requesting it cease use of the Infringing Mark.

31.    Defendant did not respond.

32.    Defendant continues to use the Infringing Mark, including on the website at https://americas-best-wingstop.menu-world.com/.

33.    Moreover, Defendant offers delivery services through most major third-party delivery platforms, including Grubhub, DoorDash, and Caviar, as shown below:







34.     Defendant's use of the Infringing Mark is confusingly similar to the WINGSTOP Trademarks in that the Infringing Mark fully incorporates Wingstop's WINGSTOP trademark and the parties both offer restaurant services under their respective trademarks.

35.     Defendant uses the Infringing Mark in connection with the same (or highly similar) goods and services as Wingstop's goods and services offered under the WINGSTOP Trademarks.

36.     Notwithstanding Defendant's constructive notice of Wingstop's prior trademark rights from the registrations of the WINGSTOP Trademarks and Defendant's actual notice of Wingstop's prior trademark rights, Defendant continues to use the Infringing Mark.

37.     Defendant uses and, upon information and belief, intends to continue to use the Infringing Mark without Wingstop's authorization, thereby confusing consumers as to the source of Defendant's goods and services and resulting in damage and detriment to Wingstop and its reputation and goodwill.

38.     Defendant willfully and knowingly used and continues to use the Infringing Mark with knowledge of Plaintiff's rights in the WINGSTOP Trademarks.

### COUNT I
### Federal Trademark Infringement
### (15 U.S.C. §§ 1114)

39.     Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein as paragraph 39

40.     Defendant's actions described above and specifically, without limitation, its unauthorized use in commerce of the Infringing Mark, which is confusingly similar to Plaintiff's WINGSTOP Trademarks, to advertise, promote, market and sell Defendant's goods and services

in the United States, including in Washington, D.C., constitute infringement of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §1114.

41.     Defendant has used in commerce, without Plaintiff's permission, the WINGSTOP Trademarks in a manner that is likely to cause confusion with respect to the source and origin of Defendant's business and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship or association of Plaintiff and the WINGSTOP Trademarks with Defendant and Defendant's goods and services.

42.     Defendant's actions, if not enjoined, will continue.

43.     Wingstop has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of, and goodwill associated with, the WINGSTOP Trademarks and injury to Wingstop's business.

44.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of the Infringing Mark and the costs of this action.

45.     Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II**
**Federal Common Law Trademark Infringement**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

46.     Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein as paragraph 46.

47.     Defendant's actions described above and specifically, without limitation, its unauthorized use in commerce of the Infringing Mark, which is confusingly similar to the WINGSTOP Trademarks, to advertise, promote, market and sell Defendant's goods and services

7

in the United States, including Washington D.C., constitute federal unfair competition and trademark infringement in violation of 15 U.S.C. § 1125(a).

48.     Defendant's unauthorized use in commerce of the Infringing Mark constitutes a false designation of origin and a false association that wrongfully and falsely designate the services and products offered thereunder as originating from Plaintiff or being associated, affiliated or connected with or approved or sponsored by Plaintiff.

49.     Defendant's actions, if not enjoined, will continue.

50.     Wingstop has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of, and goodwill associated with, the WINGSTOP Trademarks and injury to Wingstop's business.

51.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of the Infringing Mark and the costs of this action.

52.     Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Wingstop to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
### Common Law Unfair Competition

53.     Plaintiff realleges paragraphs 1 through 52 as if fully set forth herein as paragraph 53.

54.     By reason of the foregoing, Defendant has been and is engaged in acts of unfair competition in violation of the common law.

55.     Upon information and belief, by virtue of Defendant's unlawful conduct, it has made or will make substantial profits and gains to which it is not in law or equity entitled.

56.     Defendant's aforesaid conduct has caused Wingstop irreparable harm and unless enjoined will continue to cause Wingstop irreparable harm for which Wingstop has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Wingstop prays that this Court enter judgment against Defendant as follows:

A.      Finding that Defendant:

1.      Willfully infringed the WINGSTOP Trademarks under 15 U.S.C. § 1114 and the common law;

2.      Willfully infringed the WINGSTOP Trademarks under 15 U.S.C. § 1125(a) and the common law;

3.      Willfully engaged in unfair competition under common law.

B.      That Wingstop be granted injunctive relief under 15 U.S.C. § 1051 et seq. restraining and enjoining Defendant and its agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of Defendant, from:

1.      using, imitating, copying, or making any other infringing use of the WINGSTOP Trademarks and any other mark now or hereafter confusingly similar or identical thereto, including, but not limited to, the Infringing Mark;

2.      manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any goods or services under any simulation, reproduction, counterfeit, copy, or colorable imitation of the WINGSTOP Trademarks, including, but not limited to, the Infringing Mark;

3.      using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any good or service has been provided, produced, distributed, offered for

9

distribution, circulated, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Wingstop, when such is not true in fact;

4. using any mark identical or confusingly similar to the WINGSTOP Trademarks, including, without limitation, the Infringing Mark;

5. engaging in any other activity constituting an infringement of the WINGSTOP Trademarks or of Wingstop's rights in, or right to use or to exploit, said marks; and

6. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (6) above;

C. Order Defendant to hold in trust, as constructive trustees for the benefit of Wingstop, its profits obtained from its provision of Defendant's goods and services under the Infringing Mark;

D. Order Defendant to provide Wingstop a full and complete accounting of all amounts due and owing to Wingstop as a result of Defendant's illegal activities;

E. Order Defendant to pay Plaintiff's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a) for Defendant's willful violation of the WINGSTOP Trademarks;

F. Order Defendant to pay trebled damages for the damages sustained by Plaintiff that are attributable to Defendant's willful and knowing infringement of Plaintiff's federally registered trademarks;

G. Order Defendant to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action; and

H. Grant Plaintiff such other and additional relief as is just and proper.

Respectfully submitted,

Dated: June 26 2026

*/s/ J. Kevin Fee*

J. Kevin Fee (D.C. Bar No. 494106)
DLA PIPER (US) LLP
500 Eighth Street, N.W.
Washington, D.C. 20004
(202) 799-4000
(202) 799-5000 (Facsimile)
kevin.fee@us.dlapiper.com

*Attorneys for Wingstop Franchising, LLC*

11